1  CALDWELL LESLIE & PROCTOR, PC
   LINDA M. BURROW, State Bar No. 194668
2    *burrow@caldwell-leslie.com*
   LENNETTE W. LEE, State Bar No. 263023
3    *lee@caldwell-leslie.com*
   725 South Figueroa Street, 31st Floor
4  Los Angeles, California  90017-5524
   Telephone: (213) 629-9040
5  Facsimile: (213) 629-9022

6  Attorneys for Plaintiff
   WARNER BROS. ENTERTAINMENT
7  INC., a Delaware corporation

JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>STANLEY GOLDIN d/b/a WHIMSIC ALLEY, an individual; DOES 1-5, inclusive,<br><br>              Defendants. | Case No. CV13-01540 R (RZx)<br><br>**ORDER GRANTING PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE**<br><br>**[Stipulation for Permanent Injunction and Dismissal With Prejudice filed concurrently herewith]**<br><br>**Hon. Manuel L. Real** |

4831-5575-9126

1  The Court, having read and considered the Stipulation for Permanent Injunction and Dismissal with Prejudice executed by Plaintiff Warner Bros. Entertainment Inc. ("Plaintiff") and Defendant Stanley Goldin d/b/a Whimsic Alley ("Defendant") in this action (Plaintiff and Defendant collectively referred to as the "Parties"), and good cause appearing therefore, hereby:

ORDERS that based on the Parties' concurrently-filed Stipulation for Permanent Injunction and Dismissal With Prejudice, this Permanent Injunction shall be and is hereby entered against Defendant, as follows:

1. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a). Service of process was properly made against Defendant.

2. Plaintiff is the owner of rights, title and interest in famous marks and trade dress derived from the names of fictitious people, places, and things in the HARRY POTTER series of books and films, including but not limited to the marks identified in Exhibit A to Plaintiff's Complaint, a full copy of which is attached hereto as Exhibit 1.

3. Plaintiff has alleged that Defendant, through his Los Angeles store, Whimsic Alley, and website, has marketed, advertised, and offered for sale goods and services that infringe on HARRY POTTER Marks and HARRY POTTER Trade Dress as those terms are defined in the Complaint.

4. Except as expressly permitted in Paragraph 5 below, Defendant, and any employees or agents acting on his behalf, any present or future entity or website directly or indirectly owned or controlled by Defendant, or in which Defendant is an officer, director, shareholder, managing agent or partner, or with which or whom he acts in concert, are hereby restrained and permanently enjoined from all use and display of and reference to any HARRY POTTER Mark, HARRY POTTER Trade Dress, and any mark or trade dress confusingly similar thereto in the Whimsic Alley store and website. Defendant shall phase out and completely cease such use and display of and reference to such marks and/or trade dress within sixty (60) days of

entry of this Order. Without limiting the foregoing, Defendant is expressly restrained and permanently enjoined from:

(a) All use, display, advertisement, and sales of any unlicensed merchandise, including but not limited to clothing, costumes, games, bumper stickers, wall décor, buttons, jewelry, accessories, stuffed animals, figures, school and/or office supplies, and charms, that bears, depicts or refers to any trademarked HARRY POTTER words or phrases, or any name, place, or phrase from the HARRY POTTER books or films;

(b) All use, display, advertisement, and sales of any wand that bears, depicts or refers to any trademarked HARRY POTTER words or phrases, or any name, place, or term from the HARRY POTTER books or films;

(c) Reference to Whimsic Alley's event room as associated with HARRY POTTER and any unauthorized display, reference or suggestion therein to any trademarked HARRY POTTER words or phrases, or any name, place or phrase from HARRY POTTER, including but not limited to a "sorting hat," floating candles, four "houses," a House Cup, a dais or lectern bearing an owl, and/or persons dressed as look-alike characters resembling characters from the HARRY POTTER books or films, provided, however, that Whimsic Alley's event room may be referred to as "The Great Hall," provided further that Whimsic Alley's event room and events conducted therein shall not display, refer to or suggest any HARRY POTTER trademarked HARRY POTTER words or phrases, or any name, place or phrase from HARRY POTTER;

(d) Organization of, advertisement of, and/or ticket sales for any event, party, summer camp, day camp, cruise or vacation with a theme or group activity that refers to any trademarked HARRY POTTER words or phrases, or any name, place, or phrase from the HARRY POTTER books or films, including but not limited to "The Camp that Lived," the "Yule Ball," "Warthogs Academy of Witchcraft & Wizardry" parties, "Warthogs Summer Camp," any event celebrating

the birthday of any HARRY POTTER character, and any event or vacation referring to or suggesting of HARRY POTTER marks;

   (e) All reference to, depiction or suggestion of any trademarked HARRY POTTER words or phrases, or any name, place, or phrase from the HARRY POTTER books or films in the Whimsic Alley store and website, including but not limited to "Phoenix Wands," "Pilcher & Botts" confectioners, "Room of Requirement," "School of Witchcraft & Wizardry," "Platform 9 ¾," "Quidditch," "Muggle," "Butterbeer," "Dementor," "Polyjuice Potion," "Poligeuss Potion," "Pottermore," and wall paintings depicting or resembling scenes from the HARRY POTTER films; and

   (f) Use of the domain name HPWIZARDSTORE.COM.

 5. Notwithstanding the restraints and permanent injunctions set forth in Paragraph 4, Defendant is neither restricted nor prohibited from use, display, advertisement, promotion and/or sale of any licensed HARRY POTTER merchandise.

 6. This Injunction is without prejudice to any other valid rights of Plaintiff or Defendant.

 7. Each side shall bear its own fees and costs of suit.

 8. Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

 9. This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

 10. The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

 11. The Court shall retain jurisdiction of this action and the Parties to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

12. The above-captioned action shall, upon motion by Plaintiff, be reopened should Defendant default under the terms of the Confidential Settlement Agreement.

DATED: November 21, 2013

By _____
**MANUEL REAL**
United States District Judge

Presented by:

      /s/
_____
LINDA M. BURROW
CALDWELL LESLIE & PROCTOR, PC


      /s/
_____
JAMES A. LOWE
GAUNTLETT & ASSOCIATES